# MANCUSO, RUBIN & FUFIDIO
ATTORNEYS AT LAW

ROBERT J. MANCUSO*
ANDREW A. RUBIN
GEORGE E. FUFIDIO, JR.**

* ADMITTED IN CT
** ADMITTED IN FL

ONE NORTH BROADWAY
SUITE 1502
WHITE PLAINS, NEW YORK 10601

TELEPHONE (914) 761-9200
FACSIMILE (914) 686-3478

July 17, 2008

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Federal Courthouse
300 Quarropas Street
White Plains, New York 10601
Via Facsimile: (914) 390-4152

Re:  United States v. Michael Chernick
     08 Cr. 611

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Dear Judge Karas:

    This matter is scheduled for tomorrow, July 18, 2008 for a plea to an Information. The defendant waived prosecution by Indictment before Judge Fox on July 9th.

    I am requesting an adjournment of the plea because I was hospitalized from Saturday until Tuesday, and am now at home and will not be at work this week. I have obtained the consent of AUSA Krissoff for this request to adjourn the matter until Friday, July 25, 2008 because I expect to be on trial before Judge Robinson from Monday through Thursday.

    Additionally, I wish to take this opportunity to request that the Court allow the defendant to remain free on bond from the date of the plea until the date of sentence. Again, the Government does not object to this request.

    We recognize that the defendant is pleading guilty to a 21 USC 841(b)(1)(B) conspiracy and that 18 USC 3143(a)(2) would require that he be remanded when the plea is accepted, however for reasons that follow, I respectfully suggest that a remand should not be necessary in this case.

    This defendant was a relatively low level participant in the charged marijuana conspiracy. He was arrested in late November 2007 charged in a complaint with seven other defendants with a 21 USC (b)(1)(A) conspiracy. Notably he was released on a

Honorable Kenneth M. Karas
Re: United States v. Michael Chernick     -2-     July 17, 2008
    08 Cr.___

$100,000.00 PRB cosigned by his mother and containing an agreement to forfeit his mother's house.

    While free on bond and facing a 10 year mandatory minimum, he was supervised by Pretrial Services and supplied random urine samples which were all negative for marijuana although he had been a long time user and had tested positive at the time of arrest (one urine was positive for controlled substance, but that was a result of prescribed medication).

    Mr. Chernick did a safety value proffer and the Government is recommending that he benefit from that relief. Additionally, he is pleading guilty to a (b)(1)(B) charge, not the (b)(1)(A) that he originally faced. The Guideline calculation is 37 – 46 months.

    In conferencing this anticipated plea with the Government we requested that the sentence be adjourned until anytime after October 17, 2008 so that the defendant could stand up as best man for his brother at his brother's wedding. The Government had no objection. We did not believe that a remand would come into play because we both believed that the case would automatically be assigned to Judge McMahon because the indictment of the related defendants had already been assigned to her. Since Judge McMahon's orders are for a Magistrate Judge to take the plea, which would delay its acceptance, the remand statute would not have been triggered. Our belief turned out to be erroneous.

    Therefore, I am respectfully requesting that this Court allow the defendant to remain free on bond pursuant to 18 USC 3145(c). *United States v. Lea*, 380 F3rd 401 (2d Cir 2004) makes it clear that 18 USC 3145(c) applies to post conviction, presentence situations.

    The test is three pronged. One and two are that the defendant pose no danger to society or risk of flight. The Government agrees that he does not.

    The third prong is that some exceptional circumstances exist that would make detention inappropriate. *Lea* suggests that whether or not exceptional circumstances exist should be decided on a case by case basis by the court.

    In this case, the defendant is facing a Guideline sentence of 37 – 46 months (with an opportunity to argue for a non-guideline sentence) 18 USC 3143(a)(2) was designed for individuals facing at least a 10 year maximum sentence, which he is. However, although it may be presumptuous at this point, it is respectfully submitted that his sentence in reality will not approach anything close to ten years.

Honorable Kenneth M. Karas
Re: <u>United States v. Michael Chernick</u>  -3-  July 17, 2008
    08 Cr.___

    Beyond that, as previously mentioned, he was free on bond when his sentence prospect was a mandatory ten year minimum, and did not flee.

    More importantly, and the factor that distinguishes this case from others is his brother's upcoming wedding. The wedding was originally planned for May 2009. After the Government had agreed that the defendant could remain free until early fall his brother and his fiancée and her family changed all of their wedding plans and scrambled to obtain a date in the fall, which is October 17th.

    The defendant's presence at the wedding while important to him and his brother is most critical for his mother and grandmother. His mother, who is a widow, is obviously devastated by his behavior and the fact that he will be incarcerated. This entire event has taken a great emotional toll on her. Likewise his 80 plus year old grandmother, who suffers from a heart condition, will be equally devastated by his incarceration at what should be a joyous family occasion.

    It is recognized that he brought this incarceration upon himself but his presence at the wedding is more for his mother, grandmother and only sibling than for him.

    Additionally, he has been involved in trying to build a legitimate mail order business and he must now take steps to close it down. While admittedly not an exceptional circumstance itself, it is an additional factor we ask the Court to consider.

    While this wedding situation might not amount to a monumental circumstance, we submit that to be exceptional the circumstance need be out of the ordinary and not necessarily of an objectively enormous magnitude.

    In view of the above, and the fact that the Government is not seeking remand, we suggest that remand at the time of the plea is not appropriate in this case.

    If the Court does not see fit to grant this request, we would request, with absolutely no disrespect, that Your Honor consider transferring the matter to Judge McMahon. This case is clearly related to the indictment and the Government will write a "related case letter" if requested. Again I am simply trying to accomplish what the Government and myself had agreed upon and mean no disrespect to the Court.

    Finally, if the Court does not believe either of the two above mentioned requests is appropriate, I would like to request that the plea be delayed until anytime after August 15th when there is a memorial service planned for his father that has occurred annually on the anniversary of his death.

Honorable Kenneth M. Karas
Re: United States v. Michael Chernick     -4-     July 17, 2008
    08 Cr.___

We consent to speedy trail being waived from July 9th until the date of the plea.

Thank you for your consideration.

           Respectfully submitted,

           MANCUSO, RUBIN & FUFIDIO

           *Andrew A. Rubin*

AAR/pmr
cc.: AUSA Sarah Krissoff
     United States Attorney's Office
     Southern District of New York
     300 Quarropas Street
     White Plains, New York 10601
     Via Facsimile: (914) 993-1980

> The plea is re-scheduled until July 25, 2008, at 12:30. Time is excluded until then, in the interests of justice, because of Mr. Rubin's health issues. The Court will decide the question of bail if and when Mr. Chernick is convicted, and will not reassign the case to Judge McMahon.
>
> SO ORDERED
> KENNETH M. KARAS U.S.D.J.
> 7/21/08